**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

2014 JAN 22 PM 1:36

TRISHA L. RENKEN-SEBASTIAN,
                    Plaintiff,

v.

RETRIEVAL-MASTERS CREDITORS BUREAU, INC. D/B/A AMERICAN MEDICAL COLLECTION AGENCY,
                    Defendants.

**COMPLAINT**

**JURY TRIAL DEMANDED**

**14 CV 0**

## INTRODUCTION

1. This is an action for money damages and declaratory judgment, brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

2. Specifically, this action relates to Defendants' illegal and abusive attempts to collect a medical debt.

## JURISDICTION AND VENUE

3. Jurisdiction is conferred by 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

4. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

5. Venue in this District is proper because the defendant resides in this District and the acts and transactions that give rise to this action occurred, in substantial part, in this district. 28 U.S.C. § 1391 b(1),(2).

## PARTIES

6. Plaintiff, Trisha Renken-Sebastian, is a natural person who resides in Minneapolis, Minnesota.

7. Ms. Renken-Sebastian is a consumer as defined by 15 U.S.C. § 1692a(3).

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: _____

- 1 -

8. Defendant Retrieval-Masters Creditors Bureau, Inc. *d/b/a* American Medical Collection Agency ("AMCA") is a third-party debt collector whose principal purpose is the collection of debts; and it regularly attempts to collect debts alleged to be due to another.

9. AMCA, a New York Corporation, is engaged in the business of collecting debts in this state, is licensed by the New York City Department of Consumer Affairs as a debt collection agency and maintains its principal place of business at 4 Westchester Plaza, Suite 110, Elmsford, New York 10523.

10. According to its website, AMCA "specialize[s] in recovering healthcare related bad debt!"

11. In sum, AMCA is a debt collector as defined in the FDCPA §1692a(6).

## FACTS

12. AMCE sent a dunning letter dated January 22, 2013 to Ms. Renken-Sebastian, seeking to recover a $40.00 balance for "laboratory tests" her physician purportedly ordered in July 2012.

13. Ms. Renken-Sebastian promptly responded by letter dated January 30, 2013, stating that she did not recall seeing her physician in July 2012.

14. Her letter also requested that AMCA validate the supposed debt, saying "Please make sure this is correct and let me know what labs I had done."

15. Despite Ms. Renkin-Sabastian's letter, AMCA did not obtain or provide Ms. Renken-Sebastian with verification of the debt as required by 15 U.S.C. § 1692g(b).

16. Instead, AMCA sent a second dunning letter dated April 8, 2013, again demanding payment and claiming that the account was "SERIOUSLY DELINQUENT."

17. AMCA's April 8 dunning letter falsely claimed that Ms. Renken-Sebastian had accepted liability for the debt because of her "lack of response".

18. In reality, Ms. Renken-Sebastian had promptly responded within the 30 day window

provided pursuant to § 1692g(a), and requested verification of the debt.

19. The April 8 dunning letter also threatened "that further collection efforts will be pursued" against Ms. Renken-Sebastian, unless she paid the debt of $40.00.

20. This threat was false, as no further collection efforts were were in fact pursued, nor upon information and belief were they intended to be pursued.

## CAUSE OF ACTION

**Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.***

21. Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

22. By undertaking the above referenced collection activities, Defendants violated 15 U.S.C. § 1692 *et seq*.

23. Specifically and without limitation, Defendant AMCA violated the FDCPA by:

   a. Threatening Ms. Renken-Sebastian with "further collection efforts" if she did not make payment on the debt "without delay" in violation of § 1692e(5), which prohibits any threats to take "any action that cannot be legally taken or is not intended to be taken", and in violation of § 1692e(10).

   b. Failing to obtain and provide Mr. Renken-Sebastian with verification of the purported debt -- as she requested -- prior to taking further collection action, in violation of §§ 1692g(b), 1692e(5); 1692e(10) and 1692f(1).

   c. Falsely claiming in the April 8 dunning letter that Ms. Renken had not responded to its previous collection letters and that her "lack of response" constituted acceptance of liability (when she had, in reality, responded promptly and requested verification) in violation of §§ 1692f(1), 1692e(2)(A) and 1692e(10).

24. As a result of Defendant's misconduct, Ms. Renken-Sebastian has suffered actual damages,

including: aggravation, anxiety, nervousness, emotional distress, fear, loss of concentration, indignation, and pain and suffering.

25. As a result of these violations, Ms. Renken-Sebastian is entitled to statutory damages of up to $1,000.00, actual damages, and attorney's fees and costs.

**WHEREFORE,** plaintiff respectfully requests that this Court award:

(a) Declaratory Judgment that Defendant's conduct violated the FDCPA;
(b) Actual damages;
(c) Statutory damages;
(d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and
(e) Such other and further relief as law or equity may provide.

### DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury as to all issues so triable.

Dated:   January 22, 2014
         New York, New York

Respectfully Submitted,

Daniel A. Schlanger, Esq.
Schlanger & Schlanger, L.L.P.
9 East 40th Street, Suite 1300
New York, NY 10016
T: 914-946-1981, ext. 101
F: 914-946-2930
daniel.schlanger@schlangerlegal.com